UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL PENSAMIENTO,<br><br>                Petitioner,<br><br>v.<br><br>JOSEPH D. MCDONALD, JR., et al.,<br><br>                Respondents. | Civil Action No. 18-10475-PBS |

## RESPONDENTS' NOTICE OF SUPPLEMENTAL AUTHORITY

The Respondents, by and through their attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, herein respectfully submit the attached Opinion issued on March 15, 2018, in *Edwin Colon-Pena v. Orlando Rodriguez*, Civil Action No.:17-10460 (SDW) (D.N.J.). *See* Exhibit A.  The court in that case found that aliens held pursuant to 8 U.S.C. § 1226(a) are entitled to a bond hearing at which they can secure their release if they can "demonstrate [that] they would not pose a danger to property or persons and … are likely to appear for any future proceedings."  Since Congress provided immigration officials with sole discretion to grant or withhold a bond, "no court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."

The New Jersey District Court went on to hold that the Supreme Court "explicitly rejected decisions of the Ninth Circuit providing that an alien, after his first bond hearing under §1226(a), should receive new hearings every six months where the burden would shift to the Government to prove that Petitioner's detention remained necessary." quoting *Jennings v. Rodriguez*, 138 S.Ct. 830, 847-48 (2018).  The New Jersey District Court went on to state, as the Supreme Court noted,

"[nothing in § 1226(a)'s text … even remotely supports the imposition of either of those requirements." *Id*. at 847.

In light of the Supreme Court's clear language in *Jennings*, and the New Jersey District Court's decision in *Edwin Colon-Pena v. Orlando Rodriguez*, the latter of which the Respondents submit is directly on point with the case before this Honorable Court, the Petitioner's habeas petition should be denied.

Accordingly, for the reasons set forth by the Respondents in their previously filed Motion and Memorandum of Law, the Respondents respectfully request that this Court dismiss the Petition.

>Respectfully submitted,
>
>ANDREW E. LELLING
>United States Attorney
>
>By:  */s/ Rayford A. Farquhar*
>Rayford A. Farquhar – BBO No. 560350
>Assistant United States Attorney
>United States Attorney's Office
>John J. Moakley U.S. Courthouse
>1 Courthouse Way, Suite 9200
>Boston, MA  02210
>(617) 748-3284
>Rayford.farquhar@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Rayford A. Farquhar, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

>*/s/ Rayford. A. Farquhar*
>Rayford A. Farquhar

Dated: April 25, 2018                                              Assistant United States Attorney