2018 WL 1327110
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.

Edwin COLON–PENA, Petitioner,
v.
Orlando RODRIGUEZ, Respondent.

Civil Action No. 17–10460 (SDW)
|
Signed 03/15/2018

**Attorneys and Law Firms**

Edwin Colon–Pena, Elizabeth, NJ, pro se.

Anthony J. Labruna, Jr., Caroline A. Sadlowski, US Attorney'S Office, Newark, NJ, for Respondent.

OPINION

Susan D. Wigenton, United States District Judge

*1 Presently before the Court is the petition for a writ of habeas corpus of Petitioner Edwin Colon–Pena filed pursuant to 28 U.S.C. § 2241 (ECF No. 1). Following an order to answer, the Government filed a response (ECF No. 3), to which Petitioner replied. (ECF No. 5). The Government thereafter filed a sur–reply (ECF No. 6), to which Petitioner also replied. (ECF No. 7). For the following reasons, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Petitioner, Edwin Colon–Pena, is a native and citizen of the Dominican Republic who entered the country in April 2009 with permission to remain in the United States for twenty-nine days. (Document 1 attached to ECF No. 3 at 2). Petitioner, however, did not leave the United States after the authorized period. (*Id.*). Immigration officials therefore issued notice to appear to Petitioner in December 2014 and instituted removal proceedings against Petitioner. (*Id.*). At that time, however, Petitioner was released from custody on his own recognizance provided he attended immigration hearings and otherwise complied with the Government. (Document 2 attached to ECF No. 3). Following Petitioner being charged with multiple offenses in New Jersey, however, Petitioner's release was revoked and he was taken back into immigration custody on March 28, 2017. (Document 3 attached to ECF No. 3 at 4). Because Petitioner has apparently not yet been tried on those offenses, however, he is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), and is instead subject to discretionary detention under 8 U.S.C. § 1226(a). (*Id.*; *see also* ECF No. 3 at 2).

Following his being placed into detention, Petitioner received a bond hearing on May 3, 2017. (Document 4 attached to ECF No. 3). After that hearing, however, the immigration judge denied bond and ordered that Petitioner remain detained. (*Id.*). Petitioner thereafter received a second bond hearing in July 2017, at which point bond was again denied. (Document 5 attached to ECF No. 3). Petitioner did not appeal either bond decision, and instead filed his current immigration habeas petition. (ECF No. 3 at 2). Petitioner is apparently not yet subject to an order of removal. (*Id.*).

**II. DISCUSSION**

**A. Legal Standard**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

**B. Analysis**

**\*2** In his habeas petition, Petitioner asserts that his continued detention pending the conclusion of removal proceedings violates Due Process. In order to evaluate that claim, the Court must first determine the statutory basis of Petitioner's detention. While Petitioner, in his various filings, has asserted that he is detained either pursuant to 8 U.S.C. § 1231(a), which governs the custody of aliens subject to a final order of removal, or 8 U.S.C. § 1226(c), which governs the custody of aliens convicted of certain classes of crimes, neither statute actually applies to Petitioner as he is not yet subject to a final order of removal and is not detained based on past criminal convictions. Instead, because Petitioner is being held based on his being removable based on overstaying the authorized period, he is subject to detention pursuant to the Government's discretionary detention authority under 8 U.S.C. § 1226(a). *See, e.g., Contant v. Holder*, 352 Fed.Appx. 692, 694–96 (3d Cir. 2009).

Aliens held pursuant to 8 U.S.C. § 1226(a) are entitled to bond hearings at which they can secure their release if they can "demonstrate [that] they would not pose a danger to property or persons and . . . are likely to appear for any future proceedings." *Contant*, 352 Fed.Appx. at 695; 8 C.F.R. § 236.1(c)(8). At such a hearing, the burden rests on the alien himself, who must show that he does not pose a danger and is likely to appear "to the satisfaction of the" immigration judge holding the hearing. 8 C.F.R. § 236.1(c)(8); *see also Matter of Fatahi*, 26 I&N Dec. 791, 793–95 & n. 3 (BIA 2016). Congress specifically provided immigration officials with the discretion to grant or withhold release on bond, and "[n]o court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). District Courts sitting in habeas review therefore have no jurisdiction to review the decision of an immigration judge denying bond. *See, e.g., Pena v. Davies*, No. 15-7291, 2016 WL 74410, at \*2 (D.N.J. January 5, 2016). Thus, where a § 1226(a) was provided with a bona fide bond hearing, this Court may not grant him a new bond hearing or order his release, and the petitioner seeking review of the bond decision must instead either appeal the denial of bond to the Board of Immigration Appeals or seek his release through filing a request with immigration officials for a bond redetermination. *Id.*; *see also Contant*, 352 Fed.Appx. at 695. The only situation in which a discretionary detainee who has received a bond hearing may be entitled to habeas relief arises where the petitioner can show that his bond hearing was conducted unlawfully or without Due Process, in which case this Court may have the authority to order a new bond hearing. *See, e.g, Garcia v. Green*, No. 16-0565, 2016 WL 1718102, at \*3–4 (D.N.J. Apr. 29, 2016).

In his initial habeas petition, Petitioner contended that his detention had become overlong, and that he should therefore be entitled to a new bond hearing or release. This Court is aware of no caselaw in this circuit which suggests that an alien who has already received a bond hearing under 8 U.S.C. § 1226(a) is entitled to release or a new bond hearing absent a showing that he was denied Due Process at his bond hearing or that his bond hearing was otherwise unlawfully conducted. *See, e.g., Garcia*, 2016 WL 1718102 at \*3 (court can grant a new bond hearing to § 1226(a) detainee where the original hearing was conducted unlawfully or was not held at all, but cannot overrule denial of release after a bona fide hearing); *see also Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at \*1 (D.N.J. July 26, 2013) (same). Indeed, in its recent decision in *Jennings v. Rodriguez*, 538 U.S. ——, 138 S.Ct. 830, —— L.Ed.2d —— (2018), the Supreme Court explicitly rejected decisions of the Ninth Circuit providing that an alien, after his first bond hearing under § 1226(a), should receive new hearings every six months where the burden would shift to the Government to prove that Petitioner's detention remained necessary. 138 S.Ct. at 847–48. As the Court noted, "[n]othing in § 1226(a)'s text . . . even remotely

supports the imposition of either of those requirements." *Id.* at 847. Thus, it is clear that, absent a showing that his bond hearing was conducted in the absence of Due Process or was otherwise unlawfully conducted, an alien held pursuant to § 1226(a) who has previously received a bona fide bond hearing is not entitled to habeas relief. *Id.* at 847–48. Petitioner is therefore not entitled to a new bond hearing or release simply because he continues to be detained more than six months after his most recent bond hearing.

***3** Because Petitioner has received two bond hearings before the immigration court, and because this Court has no jurisdiction to review those decisions, Petitioner could only obtain habeas relief by showing that he was denied Due Process at his bond hearings. *Id.*; 8 U.S.C. § 1226(e); *Garcia*, 2016 WL 1718102 at *3. In his filings, Petitioner has presented two arguments in support of his contention that he has been denied Due Process. First, Petitioner argues in his reply brief that he was denied Due Process because the immigration judge placed the burden of proof upon him, and not the Government, at his bond hearing. As explained above, this argument must fail because the burden of proof at a bond hearing held under § 1226(a) is on the alien, and not the Government, and this burden does not shift to the Government merely due to the passage of time. *Jennings*, 138 S.Ct. at 847–48. In his sur-reply, however, Petitioner instead argues, relying on the Ninth Circuit case law rejected in *Jennings*, that after 180 days the burden of justifying detention must shift to the Government, and the failure of the Government to provide him a new hearing with a shifted burden of proof after his two previous bond hearings is unlawful. Because *Jennings* has specifically rejected this line of cases, they provide Petitioner no occasion for relief. As there is no case law in this Circuit establishing a right to additional bond hearings after a § 1226(a) detainee has had a bona fide bond hearing and the case law instead suggests that such a petitioner is entitled to no habeas relief, *see, e.g., Jennings*, 138 S.Ct. at 847–48; *Garcia*, 2016 WL 1718102 at *3, and as Petitioner has utterly failed to show that he was denied due process or that his bond hearings were otherwise unlawful, Petitioner is not entitled to habeas relief, and his petition is denied without prejudice.

### III. CONCLUSION

For the reasons expressed above, this Court will deny Petitioner's habeas petition (ECF No. 1) without prejudice. An appropriate order follows.

**All Citations**

Slip Copy, 2018 WL 1327110

---

End of Document                                         © 2018 Thomson Reuters. No claim to original U.S. Government Works.